IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00702-MSK-OES

MARIANO J. PIMENTEL, on behalf of himself and a Class of Judgment Creditors of the Estate of Ferdinand E. Marcos,

Plaintiff(s),

vs.

DENMAN INVESTMENT CORPORATION, INC.,

Defendant(s).

---

ORDER DENYING PLAINTIFF'S
MOTION TO PERPETUATE TESTIMONY

---

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Date:  December 14, 2005

Plaintiff has filed a motion in which he asks that he be permitted to conduct a perpetuation deposition of Jose Campos.  Plaintiff has filed this motion because I entered an order that stayed discovery pending further ruling from District Judge Marcia S. Krieger, and because Mr. Campos is believed by plaintiff to be elderly and ill.

Defendant has filed an opposition to plaintiff's motion.  Defendant states that Mr. Campos is too ill to be subjected to a deposition, and has attached an affidavit from one of Mr. Campos' doctors, Claver P. Ramos, M.D.  *See* Deft's Opp., Ex. 1.

Dr. Ramos states:

> Mr.Campos is 84 years old and has severe coronary artery disease, among other health issues.  Mr. Campos is wheelchair-bound and rarely leaves his home.  His voice is barely audible, and it requires great effort for him to speak

> (as a result, his answers to questions are often just one or two words or a gesture). Mr. Campos has a permanent pacemaker is taking numerous medications, including. . . .

Id. at ¶ 3. Dr. Ramos then listed 23 medications that Mr. Campos is currently taking.

Dr. Ramos listed the various problems, dating back to 1978, that have placed Mr. Campos in his current condition, and have triggered the need for the various medications. Among the problems are the following: starting in 1978, myocardial infarction, leading to angioplasty four times during ensuing years; in 1999, cerebrovascular stroke due to atrial fibrillation, resulting in formation of a clot in the heart which embolized to the brain, causing occlusion of one of the arteries supplying the motor cortex; in 2001, an electrocardiogram revealed several episodes of nonsustained runs of atrial tachycardia, resulting in persistent difficulty in speech and swallowing subsequently requiring a percutaneously inserted gastric tube for feeding; in June of 2002, an episode of aspiration pneumonia, which, in turn, caused an episode of sepsis with severe lung failure and severe congestive heart failure requiring confinement in the intensive care unit; in March of 2005, a coronary angiogram showed moderate to heavy calcification, up to 90 percent, of several of the coronary arteries, and stenting was possible only with a part of the arteries. Id. at ¶¶ 4-8.

Dr. Ramos concludes as follows:

> It is my opinion that Mr. Campos although mentally competent, is not physically capable to submit to a deposition or any other similar proceeding. The stress of preparing for examination and testifying could easily precipitate another cerebrovascular stroke or sustained

      atrial or ventricular tachycardia, which in turn could lead to cardiac
      arrest and death.  Mr. Campos is attended by a cardiologist, R. Ramon
      Abarquez, and he agrees with me on this concluding opinion.

Id. at ¶ 9.

## DISCUSSION

  Defendant has directed my attention to a number of cases that hold that a district court should bar a deposition that threatens the health of a seriously ill witness, even if the knowledge of the witness is "unique and first-hand."  Ahrens v. Ford Motor Co., 340 F.3d 1142, 1147 (10th Cir. 2003).  And defendant has presented the medical opinions of two doctors, both of whom opine (although one by hearsay) that a deposition of Mr. Campos would create circumstances that could lead to cardiac arrest and death.  Given these circumstances, I agree with the courts that have concluded that they are "not willing to risk the potential acceleration of [a witness's] death by requiring him to submit to a deposition."  *See* Deft's Opp. at 3, *citing* United States v. Mariani, 178 F.R.D. 447, 450-51 & n. 5 (M.D.Pa. 1998).

## ORDER

  It is therefore ORDERED that plaintiff's Motion to Perpetuate Testimony of Jose Campos [Doc. 39, filed Nov. 30, 2005] is DENIED.

  Dated in Denver, Colorado, this 14th day of December, 2005.

              BY THE COURT:


               s/O. Edward Schlatter
              UNITED STATES MAGISTRATE JUDGE