IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00702-MSK-MEH

MARIANO J. PIMENTEL, on behalf of himself and
a Class of Judgment Creditors of the Estate of Ferdinand E. Marcos,

   Plaintiff,

v.

DENMAN INVESTMENT CORPORATION, INC.,

   Defendant.
_____

**OPINION AND ORDER DENYING MOTIONS AND ORDER TO SHOW
CAUSE WHY CASE SHOULD NOT BE DISMISSED**
_____

**THIS MATTER** comes before the Court pursuant to Defendant Denman Investment Corp. ("Denman")'s Motion to Dismiss **(# 4, 17)**, which this Court advised **(# 14)** the parties would be converted to a Motion for Summary Judgment under Fed. R. Civ. P. 56, Plaintiff Mariano Pimentel's response **(# 13, 19)**, and Denman's reply **(# 20)**; Pimentel's Motion for Class Certification **(# 28)**, and Denman's response **(# 33)**; Pimentel's Motion for Reconsideration[1] **(#41)** of the November 30, 2005 Order **(# 38)** of United States Magistrate Judge O. Edward Schlatter staying discovery pending disposition of the Motion for Summary Judgment, and Denman's

---

[1] Although Pimentel captioned the motion as one for reconsideration, the content reflects that it is actually an Objection to a Magistrate Judge Order under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1).

1

response **(# 46)**; and Denman's Motion to Strike **(# 47)** the affidavit of Jose Campos, submitted by Denman in its initial Motion to Dismiss, and Denman's response **(# 49)**.

## BACKGROUND

PIMENTEL, and the class members he purports to represent, are judgment creditors of former Philippine President Ferdinand Marcos. In 1995, the United States District Court for the District of Hawaii entered judgment in favor of Pimentel and his fellow class members and against Marcos (which is assertable against Marcos' estate, as Marcos died in 1991) in the amount of nearly $ 2 billion. *See Hilao v. Estate of Marcos*, 103 F.3d 767 (9th Cir. 1996) (describing history and affirming judgment). Pimentel contends that in 1979, Marcos, through an associate named Jose Campos, purchased a 520-acre parcel of real property in El Paso County, Colorado called the "JL Ranch" and placed it under the control of the corporate predecessor of Denman. Thus, Pimentel contends that the property is beneficially owned by Marcos' estate, and may be executed against to satisfy the judgment. The Complaint **(# 1)** seeks a declaration that Marcos' estate is the beneficial owner of the JL Ranch and an order executing the judgment against the real property. In its Motion to Dismiss, Denman has argued that the relative ownership rights of the Marcos estate and Campos in Denman's predecessor were finally and conclusively determined by the Supreme Court of the Philippines. Such court affirmed a determination by a commission appointed to investigate the scope of the Marcos estate assets that the Marcos estate had no interest in Denman's predecessor.

## ANALYSIS

### A. Order to Show Cause

Having extensively reviewed the pleadings and pending motions, the Court has concerns that the case is so improperly framed that proceeding further could result in a judgment that is ineffectual at best, and violative of due process at worst.

Pimentel requests a declaration that Denman (or perhaps the JL Ranch, as the Complaint is not clear) is beneficially owned by Marcos, and an order executing the judgment and foreclosing upon the JL Ranch. *Docket* # 1 at 5, ¶ A, B. First, Pimentel has not invoked the correct process for enforcement of its judgment. The process by which judgments are enforced is governed by Fed. R. Civ. P. 69(a). That rule provides that:

> Process to enforce a judgment for the payment of money shall be by a writ of execution, unless the court directs otherwise. The procedure on execution . . . shall be in accordance with the practice and procedure of the state in which the district court is held . . . In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Both this Rule and corresponding provisions under Colorado law allow discovery before any collection is begun. *See also* C.R.C.P. 69. After appropriate discovery, Colorado law provides a wide range of collection methods that can be utilized based upon the nature of the property against which a judgment creditor seeks to collect. For example, the presumptive method of collection is by writ of execution. C.R.C.P. 69(a). Execution of a writ is addressed in Articles 52 to 62 of title 13 of the Colorado Revised Statutes, with Articles 52 and 56 particularly addressing collection against real property. As to seizure of personal property not in the

possession of the judgment debtor (including debts owed to the judgment debtor), Section 2 of C.R.C.P. 103 sets forth the "exclusive procedure." C.R.C.P. 103, § 2(a). These procedures are intended to provide the requisite due process to those who would claim an interest in the property against which the judgment creditor seeks to enforce the judgment.

Second, Pimentel seeks a beeline for the property of JL Ranch without recognition of the legal issues along the way. Although Pimentel's goal is apparently to obtain title to the JL Ranch in partial satisfaction of the judgment against Marcos, the facts alleged in the complaint, set up many legal layers that Pimentel must penetrate. In order for Pimentel to have standing, it must establish that its collection rights cannot have been cut off by the probate of Marcos' estate.[2] If Pimentel has standing, then Pimentel would have to establish that 1) Marcos had an interest in Denman's predecessor corporation and 2) that such ownership interest became an ownership interest in Denman, another corporation. An ownership interest in Denman would not presumptively entitle Pimental to Denman's real property, however. Instead, Pimental would be entitled to the rights and powers associated with a stock interest. For stock certificates, Pimental might seek garnishment; for rights to income, it might seek a charging order. The real property of Denman would not be recoverable unless 1) it was specific property held by Denman for Marcos or 2) Denman is dissolved and the property distributed in satisfaction of Marcos' interest after payment of all of Denman's creditors.

Finally, these complexities give rise to issues in which persons other than Denman, who apparently have received no notice of the action, may have an interest that could be adversely

---

[2] The parties have not addressed the nature or effect of the probate of the Marcos estate under Philippine law.

impacted. For example, the Marcos estate may have an interest in the determination of Pimentel's standing. Mr. Campos and other owners in Denman's predecessor may have an interest in the determination of whether Marcos is also an owner in the predecessor corporation. Denman's predecessor and shareholders in Denman may have an interest in issues concerning the transfer of assets or stock by the predecessor to Denman. Denman's shareholders may also have an interest in the determination of whether Marcos has an interest in Denman[3]. Ultimately, any collection against the identified real property would be subject to the claims of lienholders and creditors of Denman.

Other than holding title to the real property, Denman has no particular interest in the fundamental issues in this case - it's only interest is to protect its assets for its creditors and owners, whoever they may be. Because potential necessary and indispensable parties have not been joined, proceeding without them might amount to a denial of due process.

In the absence of invocation of the correct procedure and notice to all the parties that may have an interest in the issues this action raises, it is difficult to see how this Court can grant the relief Pimentel requests or determine the issues raised in the motion to dismiss. However, a properly framed and presented judgment execution proceeding under Fed. R. Civ. P. 69 and C.R.C.P. 103 could afford the relief Pimentel requests, and would do so in a manner that would give due process to all parties claiming an interest in Denman and/or its assets. Fed. R. Civ. P. 69 authorizes Pimentel, as a judgment creditor, to seek discovery from any person, including a representative of the Marcos estate, Mr. Campos, other shareholders in Denman's predecessor

---

[3]The Complaint asserts that Campos has also claimed an ownership interest in Denman. *Docket* # 1 at 5, ¶ 23.

5

and in Denman, itself. Should Pimentel ascertain that Denman owes or holds property of Marcos, it can then seek garnishment under C.R.C.P. 103 or imposition of a charging order. The Marcos estate, Campos, and any other party claiming an interest in the property to be garnished or subject to a charging order can appear and litigate the extent of its interest in the property.

Given these concerns, the Court is inclined to dismiss this action without prejudice, to allow Pimentel to register the judgment and commence its collection in accordance with Fed. R. Civ. P. 69. Accordingly, within 14 days of the date of this Order, the parties shall show cause as to why this case should not be dismissed without prejudice.

### B. Pending Motions

Because it appears to the Court that this case must be dismissed and certain of these motions may become moot in a Rule 69 proceeding, the Court denies all of the pending motions without prejudice. If, following the parties' responses to the Order to Show Cause, the Court determines not to dismiss the case, the Court will vacate this denial of the motions and deem them to remain *sub judice*.

### CONCLUSION

For the foregoing reasons, Denman's Motion to Dismiss **(# 4, 17)**; Pimentel's Motion for Class Certification **(# 28)**; Pimentel's Motion for Reconsideration **(# 41)**; and Denman's Motion to Strike **(# 47)** are **DENIED** without prejudice. Within 14 days of the date of this Order, the parties shall **SHOW CAUSE**, in writing, why this case should not be dismissed without

prejudice in favor of a properly-filed proceeding pursuant to Fed. R. Civ. P. 69.

Dated this 8th day of March, 2006

                                                **BY THE COURT:**

                                       */s/ Marcia S. Krieger*

                                       Marcia S. Krieger
                                       United States District Judge