IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00702-MSK-MEH

MARIONO J. PIMENTEL, on behalf of himself
And a Class of Judgment Creditors of the Estate of
Ferdinand E. Marcos,

      Plaintiff,

v.

DENMAN INVESTMENT CORPORATION, INC.,
IMELDA R. MARCOS and FERDINAND R. MARCOS,
as Executors of the Estate of Ferdinand E. Marcos, and
ALL UNKNOWN PERSONS WHO CLAIM INTEREST
IN THE SUBJECT MATTER OF THIS ACTION,

      Defendants.

---

ORDER ON UNOPPOSED MOTION FOR ALTERNATIVE SERVICE

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is the Plaintiff's Unopposed Motion for Alternative Service, which requests authority to make service pursuant to Fed.R.Civ.P. 4(f)(3) of the Summons and Amended Complaint in this action on Defendants Imelda R. Marcos and Ferdinand R. Marcos ("Defendants") through Federal Express or DHL.  Defendant Denman Investment Corporation, Inc., has indicated that it has no objection to this request.  While the motion is unopposed by the parties that appear of record, the Court must still be cognizant of issues of comity with regard to the targeted foreign state.

      Rule 4(f)(3) of the Federal Rules of Civil Procedure provides that service upon individuals in a foreign country may be effected "by other means not prohibited by international agreement as may be directed by the court."  "[S]ervice under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement.  No other limitations are evident from the text." *Rio*

*Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). However, in the interests of comity, a district court exercising its discretion under Rule 4(f)(3) should make "an earnest effort . . . to devise a method of communication that is consistent with due process and minimize offense to foreign law." FED.R.CIV.P. 4 ADVISORY COMMITTEE NOTES, 1993 AMENDMENT.

In this matter, the Plaintiff has represented that Defendants are Filipino citizens, residing in the Philippines. Plaintiff further represents that the Philippines is not a signatory to the Hague Convention on Service Abroad, and has no treaty with the United States governing service of process, but that the Philippines does not prohibit or limit service of process originating from foreign countries. Plaintiffs do not, however, indicate what manner of service is prescribed by Filipino law. However, while the record does not indicate whether the alternate form of service requested by the Plaintiff is "prescribed" by the laws of the Philippines, this is not fatal to the request. At least one court has determined that even though a form of service may not be prescribed by the laws of a foreign country, as long as it is not prohibited by those laws, the service can be authorized. *See, generally, Dee-K Enterprises Inc. v. Heveafil Sdn. Bhd.*, 174 F.R.D. 376, 380-381 (E.D.Va. 1997). By the filing of his motion, the Plaintiff has represented to the Court pursuant to Rule 11 Fed.R.Civ.P. that the method of service is not prohibited. Accordingly, it is within the discretion of this Court to grant the Plaintiff's request.

Finally, Plaintiff has described to the Court the unsuccessful efforts which have been attempted to achieve personal service of process in this case and the unsuccessful efforts to obtain acceptance of service by counsel for these Defendants. The efforts represented by the Plaintiff in this regard demonstrate that it is not "whimsically seeking alternative means of service," which would

increase the workload of the Court.  *See Ryan v. Brunswick Corp.*, 2002 WL 1628933, at *2 (W.D.N.Y. 2002).  Rule 4(f)(3) does not require a party to "attempt[ ] every permissible means of service of process before petitioning the court for alternate relief." *Id.*  Therefore, the relief requested by the Plaintiff shall be granted.

Accordingly, based upon the record herein, it is hereby **ORDERED** that the Unopposed Motion for Alternative Service [Filed November 13, 2006; Docket #59] is **granted**.

Dated at Denver, Colorado, this 8th day of December, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge