IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00702-MSK-MEH

135 RANDOMLY SELECTED CLASS CLAIMANTS
AND THE PLAINTIFF CLASS AS DESIGNATED
IN THE JUDGMENT OF FEBRUARY 3, 1995,

    Plaintiffs,

v.

DENMAN INVESTMENT CORPORATION, INC.,
IMELDA R. MARCOS, as Executor of the Estate of Ferdinand E. Marcos,
FERDINAND R. MARCOS, as Executor of the Estate of Ferdinand E. Marcos, and
ALL UNKNOWN PERSONS WHO CLAIM INTEREST IN THE
    SUBJECT MATTER OF THIS ACTION,

    Defendants.
_____

**ORDER ON DEFENDANT DENMAN INVESTMENT CORPORATION, INC.'S MOTION FOR PROTECTIVE ORDER**
_____

    Before the Court is Defendant Denman Investment Corporation, Inc.'s Motion for Protective Order [Docket #93]. The matter is briefed and has been referred to this Court [Docket #94]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion for Protective Order.

    Defendant seeks the entry of a blanket protective in this case to cover all financial and information and tax documents of Defendant. In response, Plaintiff argues that Defendant does not demonstrate good cause for this protection, because Defendant has not identified which documents need this protection, and the public interest in the information outweighs the embarrassment to Defendant caused by disclosure. Plaintiff also argues that Defendant will over-designate documents as confidential and could preclude a witness from testifying by the witness simply refusing to sign the

protective order.

Both parties also raise a number of arguments based on conduct in the parallel lawsuit in Texas. The Court ignores these arguments as irrelevant.

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Defendant's attached proposed protective order is much broader than the arguments raised in its brief. Thus, Defendant has not established good cause for the scope of the proposed protective order.

Nevertheless, Defendant has established that its financial documents and tax returns should be protected. *Roberts v. Shawnee Mission Ford, Inc.*, No. 01-2113, 2002 U.S. Dist. LEXIS 9525 (D. Kan. Feb 7, 2002) (finding that sensitive financial documents were discoverable, but dissemination should be limited to use in the pending lawsuit). Thus, the Court will enter a protective order that is limited to the financial information Defendant has properly argued should be protected. On this point, Plaintiff's argument based on public interest is misplaced. The United States Supreme Court has held that discovery is for the "sole purpose of assisting in the preparation and trial of litigated disputes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). Moreover, sensitive financial information is often subject to the liberal rules of discovery, yet fails to meet the admissibility requirements for use at trial. *E.g.*, *Koch Indus., Inc. v. United States*, No. 06-1049, 2006 U.S. Dist. LEXIS 67368 (D. Kan. Sept. 19, 2006).

Turning to Plaintiffs' last point of contention, non-disclosure agreements are typically required before confidential documents can be viewed by a deponent. *See Gillard v. Boulder Valley Sch.*

*Dist.*, 196 F.R.D. 382 (D. Colo. 2000).  In fact, the example protective order attached to that opinion as Exhibit A is the model protective order for this Court, and it includes such a provision.  *Id.*  The Court finds this form of protection appropriate, especially given Defendants' willingness to consider waiving the requirement if necessary.  Plaintiff's fears regarding Defendants' attempt to prevent witnesses from testifying are unfounded at this time and should be brought before the Court if necessary, if a real controversy develops.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant Denman Investment Corporation, Inc.'s Motion for Protective Order [Filed May 15, 2007; Docket #93] is **granted in part** and **denied in part**.  The Court will enter the protective order on the record, after limiting the scope, as discussed herein.

Dated at Denver, Colorado, this 13th day of June, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge