IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00702-MSK-MEH

135 RANDOMLY SELECTED CLASS CLAIMANTS
AND THE PLAINTIFF CLASS AS DESIGNATED
IN THE JUDGMENT OF FEBRUARY 3, 1995,

    Plaintiffs,

v.

DENMAN INVESTMENT CORPORATION, INC.,
IMELDA R. MARCOS, as Executor of the Estate of Ferdinand E. Marcos,
FERDINAND R. MARCOS, as Executor of the Estate of Ferdinand E. Marcos, and
ALL UNKNOWN PERSONS WHO CLAIM INTEREST IN THE
    SUBJECT MATTER OF THIS ACTION,

    Defendants.
_____

## PROTECTIVE ORDER
_____

WHEREAS, Denman Investment Corp., Inc. has demonstrated good cause for entry of a protective order to bar disclosure of the confidential financial and tax records produced in discovery in this action;

NOW THEREFORE, pursuant to Fed. R. Civ. P. 26(c), the Court hereby ORDERS:

1. All documents that contain confidential information shall be designated "CONFIDENTIAL MATERIAL" for purposes of this Protective Order. Any party or non-party to this action may designate as CONFIDENTIAL MATERIAL any document, information, or tangible item constituting or representing financial information or tax documentation. The term CONFIDENTIAL MATERIAL shall include the document, information, or material so designated, and the contents thereof.

2. A party or non-party disclosing documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other tangible materials (apart from

depositions or other pretrial or trial testimony) shall designate them as containing CONFIDENTIAL MATERIAL by affixing the legend "CONFIDENTIAL" to any such documents and information prior to or at the time such documents and information are produced or disclosed, or as soon thereafter as the disclosing party becomes aware of the confidential nature of the documents and information disclosed and sought to be protected hereunder.  In the event that documents are produced for inspection at the party's facilities or at the office of the party's counsel, such documents may be produced for inspection before being marked confidential.  Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents.  There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

3. In the case of depositions or other pretrial or trial testimony, CONFIDENTIAL MATERIAL shall be designated (i) by a statement on the record during such deposition or other pretrial or trial proceeding that the entire transcript, or any portion thereof, shall be designated "Confidential" hereunder; or (ii) by written notice of such designation hand-delivered to counsel for all parties within twenty (20) calendar days after the mailing to counsel or the parties of the transcript containing the testimony to be designated.  All tangible, video and/or audio copies of depositions that have been stated to contain, in whole or in part, CONFIDENTIAL MATERIAL, shall be prominently marked to reflect that they contain CONFIDENTIAL MATERIAL.

4. Except upon the prior written consent of the party that has designated material as CONFIDENTIAL MATERIAL under the terms of this Protective Order, CONFIDENTIAL MATERIAL produced or disclosed in discovery or other proceedings in this action shall be used solely in connection with this action and may be disclosed solely in accordance with the terms of

this Protective Order, except that CONFIDENTIAL MATERIAL may be used in litigation known as *Pimentel v. B.N. Development, Inc.*, No. 05-234 (N.D. Tex.), subject to the terms of the Protective Order agreed upon in that case.

5.  With the exception of the Court, court personnel, and court reporters employed in connection with this action, access to CONFIDENTIAL MATERIAL shall be limited to: (a) counsel to the parties having responsibility for this action and their legal associates, paralegals, and other support staff; (b) a party or a party's present and former officers, directors, and employees; (c) consulting or testifying experts and their employees in accordance with the provisions of paragraph 6(b) below or such other procedures as may be agreed upon by the producing party; (d) any person whom counsel determines in good faith may be a witness in court proceedings in connection with this action; and (e) any other person upon whom the producing party may agree.

6.  CONFIDENTIAL MATERIAL shall not be disclosed to any person under paragraph 5 above unless and until: (a) for purposes of paragraphs 5(a) through (b) above, such person has been advised of the existence of this Protective Order and has been instructed that he or she is bound by its terms; or (b) for purposes of paragraphs 5(c) through (e) above, such person has been shown a copy of this Protective Order and has agreed in writing to be bound by its terms.  The form of the written agreement is included as Exhibit A to this order.  Upon final disposition of this case, including disposition of any and all appeals, any party will make available within ten (10) days of a written request from any other party all non-disclosure agreements executed by experts, including their employees, subcontractors, and agents, retained by that party, and certify that all CONFIDENTIAL MATERIAL has been destroyed.

7.  CONFIDENTIAL MATERIAL may be used in connection with the deposition or trial testimony of any person, provided that the deponent is informed of the requirements of this

Protective Order and, if required to do so under paragraph 6 above, signs a Non-Disclosure Agreement, in the form attached as Exhibit A hereto, prior to being shown the CONFIDENTIAL MATERIAL. If a deponent refuses to sign a Non-Disclosure Agreement in the form attached as Exhibit A hereto, upon joint written or oral agreement on the record, the parties to this Protective Order may waive the requirement that a deponent sign such an agreement before CONFIDENTIAL MATERIAL is used in connection with the deponent's testimony. All deposition testimony concerning CONFIDENTIAL MATERIAL shall itself be considered CONFIDENTIAL MATERIAL.

8. A party appending CONFIDENTIAL MATERIAL as an exhibit to, or discussing or referring to CONFIDENTIAL MATERIAL in, any affidavits, briefs, memoranda, or other documents submitted to the Court shall move for the filing under seal of such CONFIDENTIAL MATERIAL pursuant to D.C.COLO.LCivR 7.2. A party seeking to file documents designated CONFIDENTIAL or briefs containing CONFIDENTIAL MATERIAL must follow the procedures in D.C.COLO.LCivR 7.3. Documents designated CONFIDENTIAL or other CONFIDENTIAL MATERIAL filed under seal will remain sealed until 60 days after final disposition of the case unless an order of the Court otherwise directs.

9. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is, or is not, confidential.

10. Nothing in this Protective Order shall prevent any party from using or disclosing in any manner it chooses material that it has designated as CONFIDENTIAL MATERIAL.

11. Each party shall make a good faith effort to designate as CONFIDENTIAL MATERIAL only those documents, information, or other tangible items that constitute or represent financial information or tax documentation. Any party may challenge another party's designation

of material as CONFIDENTIAL MATERIAL by motion to the Court. In the event that the receiving party disagrees with the designation by the supplying party of any information as CONFIDENTIAL MATERIAL, the parties shall first try to resolve such dispute on an informal basis before presenting the dispute to the Court. No information designated as CONFIDENTIAL MATERIAL shall, however, be revealed, except in accordance with this Protective Order until such time as the designation has been withdrawn, either voluntarily by the party that supplied such information, or pursuant to an order of the Court.

12. In the event the receiving party is requested or required to disclose any CONFIDENTIAL MATERIAL, it shall promptly notify the disclosing party in writing of such request or requirement, no fewer than five (5) business days before making such required disclosure (or such lesser period of time as may be legally feasible), so that the disclosing party may seek an appropriate protective order or waive compliance with this Protective Order. Reasonable efforts shall be made to obtain from the party to whom disclosure is made written assurances of confidential treatment of the CONFIDENTIAL MATERIAL disclosed.

13. If a party or non-party inadvertently discloses any CONFIDENTIAL MATERIAL information or documents without marking it/them as "CONFIDENTIAL," the producing party shall promptly advise the receiving party in writing, listing each document production control number or other identifier of the information. Thereafter, the receiving party shall treat the information or documents as CONFIDENTIAL MATERIAL.

14. Nothing in this Protective Order shall require the production of information or documents that are privileged or otherwise protected from discovery.

15. Nothing in this Protective Order shall operate as an admission that any particular document or item of information is, or is not, admissible in evidence at the trial of this action.

16.     Within ninety (90) days after the final disposition of this case, including disposition of any and all appeals, all parties shall either destroy or return all CONFIDENTIAL MATERIAL in their possession to the producing party and, further, each party shall certify to the other parties that such steps have been completed.

17.     This Protective Order shall not affect the rights or obligations of the parties with respect to matters not specifically addressed in this Protective Order.

18.     This Protective Order does not cover Defendants other than Denman and does not give those Defendants a right to access CONFIDENTIAL MATERIAL or otherwise benefit from the provisions herein until they have signed a Non-Disclosure Agreement in the form attached as Exhibit A hereto.

19.     The provisions of this Protective Order shall remain in full force and effect for a period of two years following the final disposition of this case unless waived by the written consent of the persons that designated material as CONFIDENTIAL MATERIAL under the terms of this Protective Order.

20.     Nothing herein shall prejudice the right of any party to seek, at any time, a further order of the Court modifying this Protective Order.

IT IS SO ORDERED on this 13th day of June, 2007.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

**EXHIBIT A**
**NON-DISCLOSURE AGREEMENT**

My name is _____. My home address is _____, and my business address is _____. I certify that I have read and fully understand the terms and provisions of the Protective Order entered on _____ by the Court in *135 Randomly Selected Class Claimants, et al. v. Denman Inv. Corp., et al.*, 05-cv-00702-MSK-MEH, pending in the United States District Court for the District of Colorado. In particular, I am aware that upon the final disposition of this case, including disposition of any and all appeals, I will destroy all CONFIDENTIAL MATERIAL.

I agree to comply fully with the terms of the Protective Order. I will not disclose any CONFIDENTIAL MATERIAL in any form to any person other than those expressly authorized under the Protective Order, and I will not use any CONFIDENTIAL MATERIAL for any purpose other than the prosecution or defense of this litigation. This pledge applies to all CONFIDENTIAL MATERIAL, whether already disclosed to me, or disclosed to me in the future, and also applies to copies, notes, extracts, or any other materials I prepare based upon CONFIDENTIAL MATERIAL. I understand that violation of the Protective Order or of this Non-Disclosure Agreement may constitute contempt of Court.

/s/ _____

Date: _____